E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JULIUS J. NAM (Cal. Bar No. 288961)
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     312 N. Spring St. Ste. 1500
     Los Angeles, CA 90012
     Telephone: (951) 276-6942/213-894-4850
     Facsimile: (951) 276-6202/213-894-0141
     Email:   julius.nam@usdoj.gov
                frances.lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 23-CR-148-RGK |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT NISHITH THARAKA VANDEBONA |
|        v. | |
| NISHITH THARAKA VANDEBONA, | |
|     Defendant. | |

    1.   This constitutes the plea agreement between NISHITH THARAKA VANDEBONA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts three and

four of the indictment in <u>United States v. NISHITH THARAKA VANDEBONA</u>, CR No. 23-148-RGK, which charge defendant with threatened forcible intimidation regarding the obtaining and provision of reproductive health services, in violation of 18 U.S.C. § 248(a)(1) (count three) and transmitting threatening communications in interstate commerce, in violation of 18 U.S.C. § 875(c) (count four).

b.   Not contest the Factual Basis agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

2

1              i.    Complete the Financial Disclosure Statement on a form
2    provided by the USAO and, within 30 days of defendant's entry of a
3    guilty plea, deliver the signed and dated statement, along with all
4    of the documents requested therein, to the USAO by either email at
5    usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
6    Litigation Section at 300 North Los Angeles Street, Suite 7516, Los
7    Angeles, CA 90012.  Defendant agrees that defendant's ability to pay
8    criminal debt shall be assessed based on the completed Financial
9    Disclosure Statement and all required supporting documents, as well
10   as other relevant information relating to ability to pay.

11             j.    Authorize the USAO to obtain a credit report upon
12   returning a signed copy of this plea agreement.

13             k.    Consent to the USAO inspecting and copying all of
14   defendant's financial documents and financial information held by the
15   United States Probation and Pretrial Services Office.

16             l.    Agree to and not oppose the imposition of the
17   following conditions of probation or supervised release:

18             i.    The defendant shall not contact, visit, or come
19   within 100 yards of any Planned Parenthood facility or property, or
20   Californians for Population Stabilization, or any staff thereof,
21   without prior written approval from the United States Probation and
22   Pretrial Services Office and advance notice to Planned Parenthood or
23   Californians for Population Stabilization.

24             ii.   The defendant shall comply with the rules and
25   regulations of the Computer Monitoring Program.  The defendant shall
26   pay the cost of the Computer Monitoring Program; and

27             iii. The defendant shall submit the defendant's
28   person, property, house, residence, vehicle, papers, computers, cell

phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

<u>THE USAO'S OBLIGATIONS</u>

3.    The USAO agrees to:

a.    Not contest the Factual Basis agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to

1  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2  additional one-level reduction if available under that section.

3                          NATURE OF THE OFFENSES

4      4.   Defendant understands that for defendant to be guilty of

5  the crime charged in count three, that is, threatened forcible

6  intimidation regarding the obtaining and provision of reproductive

7  health services, in violation of 18 U.S.C. § 248(a)(1), the following

8  must be true: (1) defendant threatened the use of force;

9  (2) defendant did so to intentionally intimidate a person or class of

10 persons; and (3) defendant acted because that person or class of

11 persons is or has been, or in order to intimidate such person or any

12 other person or class of persons from, obtaining or providing

13 reproductive health services.  To "intimidate" means to place a

14 person in reasonable apprehension of bodily harm to him- or herself

15 or to another.  "Reproductive health services" means reproductive

16 health services provided in a hospital, clinic, physician's office,

17 or other facility, and includes medical, surgical, counselling, or

18 referral services relating to the human reproductive system,

19 including services relating to pregnancy or the termination of a

20 pregnancy.

21     5.   Defendant understands that for defendant to be guilty of

22 the crime charged in count four, that is, transmitting threatening

23 communications in interstate commerce, in violation of 18 U.S.C.

24 § 875(c), the following must be true: (1) defendant knowingly

25 transmitted in interstate commerce a telephone call containing a

26 threat to injure a natural person; and (2) such telephone call was

27 transmitted for the purpose of issuing a threat, or with knowledge

28 that the telephone call would be viewed as a threat.

1

<u>PENALTIES AND RESTITUTION</u>

2          6.   Defendant understands that the statutory maximum sentence
3   that the Court can impose for a violation of 18 U.S.C. § 248(a)(1)
4   is: one year of imprisonment; one year of supervised release; a fine
5   of $100,000 or twice the gross gain or gross loss resulting from the
6   offense, whichever is greatest; and a mandatory special assessment of
7   $25.

8          7.   Defendant understands that the statutory maximum sentence
9   that the Court can impose for a violation of 18 U.S.C. § 875(c) is:
10  five years' imprisonment; a three-year period of supervised release;
11  a fine of $250,000 or twice the gross gain or gross loss resulting
12  from the offense, whichever is greater; and a mandatory special
13  assessment of $100.

14         8.   Defendant understands, therefore, that the total maximum
15  sentence for all offenses to which defendant is pleading guilty is:
16  six years' imprisonment; a three-year period of supervised release; a
17  fine of $350,000 or twice the gross gain or gross loss resulting from
18  the offenses, whichever is greatest; and a mandatory special
19  assessment of $125.

20         9.   Defendant understands that defendant will be required to
21  pay full restitution to the victim(s) of the offenses to which
22  defendant is pleading guilty.  Defendant agrees that, in return for
23  the USAO's compliance with its obligations under this agreement, the
24  Court may order restitution to persons other than the victim(s) of
25  the offenses to which defendant is pleading guilty and in amounts
26  greater than those alleged in the counts to which defendant is
27  pleading guilty.  In particular, defendant agrees that the Court may
28  order restitution to any victim of any of the following for any

6

losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

10.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

13.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below ("Factual Basis") and agree that the Factual Basis is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Sometime on or before February 21, 2022, defendant used the Internet to download Pinger to his cellphone.  Pinger was a voice-over-Internet protocol communications platform that provided anonymous Internet-based telephone and text messaging services free of charge.  Defendant then used Pinger to create multiple anonymous telephone numbers.

On February 21, 2022, in Ventura County, within the Central District of California, defendant called and left a voicemail for an

8

employee for Californians for Population Stabilization ("CAPS").
Defendant left the voicemail with the intent to issue a threat, and
with knowledge that it would be viewed as a threat.  The voicemail
contained the following statements, among others, which were true
threats to injure the person of another:

(1) "I'm gonna come in there, plant a bomb, and kill as many
white Americans as possible.  You understand that?  Servicemen,
families, everybody."

(2) "You are gonna see innocent people killed in your town,
okay?"

(3) "I'm gonna come in that motherfucker and kill all of you."

On February 22, 2022, defendant called the same CAPS employee
and left a second voicemail, in which he said: "You're gonna all find
out what Brown Power is about.  We're gonna bring in as many people
as we can and then we're gonna procreate with your women and make our
people big, too.  We're gonna take this country over from you.  You
understand that, you fucking cracker?  Brown power."

That same day, defendant called the same CAPS employee again and
left a third voicemail, intending to issue a threat, and with
knowledge that it would be viewed as a threat.  The voicemail
contained the following statements, among others, which were true
threats to injure the person of another: "I'm gonna come in there and
kill all of you dude.  Be careful."

All three of defendant's telephone calls and subsequent
voicemails to CAPS were communications that defendant knowingly
transmitted in interstate commerce.

On June 24, 2022, the United States Supreme Court released its
decision in Dobbs v. Jackson Women's Health Organization, 142 S. Ct.

2228 (2022), which overturned <u>Roe v. Wade</u>, and held that the United States Constitution does not confer a right to abortion.  The decision was well publicized, including within the Central District of California.

On June 24 and 25, 2022, Planned Parenthood was affiliated with individual operators of health care clinics located throughout the Central District of California, which were 501(c)(3) organizations, including Planned Parenthood California Central Coast ("Planned Parenthood CC") and Planned Parenthood Los Angeles ("Planned Parenthood LA") (collectively, "Planned Parenthood").  Planned Parenthood, through these health care clinics, provided a wide range of health, wellness, and education services to the community, including vaccinations, preventative care appointments, mammograms, pregnancy testing, and counseling.  Among Planned Parenthood's services, Planned Parenthood publicly offered patients with reproductive health services, including medical, surgical, counseling, and referral services relating to the human reproductive system, including services relating to pregnancy and the termination of a pregnancy.

On June 24 and 25, 2022, defendant used Pinger to again create anonymous phone numbers.  On both dates, defendant called two separate Planned Parenthood locations and threatened to shoot, kill, and murder their staff.  Defendant threatened the use of force and intentionally intimidated the staff and employees of Planned Parenthood because Planned Parenthood, its staff, and its employees were and had been providing services relating to the termination of pregnancies, which are reproductive health services.  Defendant threatened the use of force also in order to intimidate Planned

Parenthood, its staff, and its employees from providing services relating to the termination of pregnancies.

Specifically, on June 24, 2022, defendant left a voicemail for a Planned Parenthood CC employee containing the following threats, among others: "Fucking bitch-ass whore.  I'm going to come in there and kill you.  You understand?  You're going around harming innocent people?  Those children are innocent.  You're going to get fucking killed bitch, you understand that right?  Includes your staff too. You're the boss or what?  Go feed a dick.  Fucking whore."

On June 25, 2022, defendant called and spoke to a Planned Parenthood LA call center specialist and made the following threats, among others: "I'm calling to let you know that I'm going to come in there and kill all of you, including your staff and your security. You got it?  You're overdue for an attack."  That same day, he again called the Planned Parenthood LA call center and spoke to a different specialist and made the following statements, among others:

(1)  "I'm calling to let you know that you're gonna have a tragedy at the Santa Monica location here soon.  I'm gonna come in there and kill your staff and your security."

(2)  "You guys aren't safe, understand that?  You might want to call and let them know, and the police won't save you either."

(3)  "I'm gonna come in there and murder your staff."

(4)  "You're gonna get shot and killed.  Do you understand that?"

These calls directly and proximately harmed the women who received the communications as well as other staff and employees at Planned Parenthood CC and Planned Parenthood LA who heard about them

(collectively, "victims") and placed the victims in reasonable apprehension of bodily harm to themselves and to others.

SENTENCING FACTORS

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Count Four

Base Offense Level:              12              U.S.S.G. § 2A6.1
Defendant and the USAO have no agreement as to the applicable base offense level for count three.  Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

1  Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1),
2  (a)(2), (a)(3), (a)(6), and (a)(7).

3  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

4     18.  Defendant understands that by pleading guilty, defendant
5  gives up the following rights:

6        a.  The right to persist in a plea of not guilty.

7        b.  The right to a speedy and public trial by jury.

8        c.  The right to be represented by counsel -- and if
9  necessary have the Court appoint counsel -- at trial.  Defendant
10 understands, however, that, defendant retains the right to be
11 represented by counsel -- and if necessary have the Court appoint
12 counsel -- at every other stage of the proceeding.

13       d.  The right to be presumed innocent and to have the
14 burden of proof placed on the government to prove defendant guilty
15 beyond a reasonable doubt.

16       e.  The right to confront and cross-examine witnesses
17 against defendant.

18       f.  The right to testify and to present evidence in
19 opposition to the charges, including the right to compel the
20 attendance of witnesses to testify.

21       g.  The right not to be compelled to testify, and, if
22 defendant chose not to testify or present evidence, to have that
23 choice not be used against defendant.

24       h.  Any and all rights to pursue any affirmative defenses,
25 Fourth Amendment or Fifth Amendment claims, and other pretrial
26 motions that have been filed or could be filed.

27

28

1

<u>WAIVER OF APPEAL OF CONVICTION</u>

2          19.   Defendant understands that, with the exception of an appeal

3    based on a claim that defendant's guilty pleas were involuntary, by

4    pleading guilty defendant is waiving and giving up any right to

5    appeal defendant's convictions on the offenses to which defendant is

6    pleading guilty.  Defendant understands that this waiver includes,

7    but is not limited to, arguments that the statutes to which defendant

8    is pleading guilty are unconstitutional, and any and all claims that

9    the Factual Basis provided herein is insufficient to support

10   defendant's pleas of guilty.

11   <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

12         20.   Defendant agrees that, provided the Court imposes a total

13   term of imprisonment on all counts of conviction within or below the

14   Sentencing Guidelines range corresponding to an offense level of 12

15   and the criminal history category calculated by the Court, defendant

16   gives up the right to appeal all of the following: (a) the procedures

17   and calculations used to determine and impose any portion of the

18   sentence; (b) the term of imprisonment imposed by the Court; (c) the

19   fine imposed by the Court, provided it is within the statutory

20   maximum; (d) to the extent permitted by law, the constitutionality or

21   legality of defendant's sentence, provided it is within the statutory

22   maximum; (e) the amount and terms of any restitution order; (f) the

23   term of probation or supervised release imposed by the Court,

24   provided it is within the statutory maximum; and (g) any of the

25   following conditions of probation or supervised release imposed by

26   the Court: the conditions set forth in Second Amended General Order

27   20-04 of this Court; the drug testing conditions mandated by 18

28   U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions

authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation
or supervised release agreed to by defendant in paragraph 2 above.

21.  The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above and
(b) the Court imposes a term of imprisonment within or above the
range corresponding to an offense level of 12 and the criminal
history category calculated by the Court, the USAO gives up its right
to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering guilty pleas
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty pleas on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.  Defendant agrees that if any count of conviction is
vacated, reversed, or set aside, the USAO may: (a) ask the Court to
resentence defendant on any remaining count of conviction, with both

15

1    the USAO and defendant being released from any stipulations regarding

2    sentencing contained in this agreement, (b) ask the Court to void the

3    entire plea agreement and vacate defendant's guilty plea on any

4    remaining count of conviction, with both the USAO and defendant being

5    released from all their obligations under this agreement, or

6    (c) leave defendant's remaining conviction, sentence, and plea

7    agreement intact.  Defendant agrees that the choice among these three

8    options rests in the exclusive discretion of the USAO.

9                    EFFECTIVE DATE OF AGREEMENT

10       24.  This agreement is effective upon signature and execution of

11   all required certifications by defendant, defendant's counsel, and an

12   Assistant United States Attorney.

13                     BREACH OF AGREEMENT

14       25.  Defendant agrees that if defendant, at any time after the

15   signature of this agreement and execution of all required

16   certifications by defendant, defendant's counsel, and an Assistant

17   United States Attorney, knowingly violates or fails to perform any of

18   defendant's obligations under this agreement ("a breach"), the USAO

19   may declare this agreement breached.  All of defendant's obligations

20   are material, a single breach of this agreement is sufficient for the

21   USAO to declare a breach, and defendant shall not be deemed to have

22   cured a breach without the express agreement of the USAO in writing.

23   If the USAO declares this agreement breached, and the Court finds

24   such a breach to have occurred, then: (a) if defendant has previously

25   entered guilty pleas pursuant to this agreement, defendant will not

26   be able to withdraw the guilty plea, and (b) the USAO will be

27   relieved of all its obligations under this agreement.

28

26.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to Factual Basis statements in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

27.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

17

1   recommendations or the parties' agreements to the Factual Basis or

2   sentencing factors.

3       28.  Defendant understands that both defendant and the USAO are

4   free to: (a) supplement the Factual Basis by supplying relevant

5   information to the United States Probation and Pretrial Services

6   Office and the Court, (b) correct any and all factual misstatements

7   relating to the Court's Sentencing Guidelines calculations and

8   determination of sentence, and (c) argue on appeal and collateral

9   review that the Court's Sentencing Guidelines calculations and the

10  sentence it chooses to impose are not error, although each party

11  agrees to maintain its view that the calculations in paragraph 15 are

12  consistent with the Factual Basis.  While this paragraph permits both

13  the USAO and defendant to submit full and complete factual

14  information to the United States Probation and Pretrial Services

15  Office and the Court, even if that factual information may be viewed

16  as inconsistent with the Factual Basis agreed to in this agreement,

17  this paragraph does not affect defendant's and the USAO's obligations

18  not to contest the Factual Basis agreed to in this agreement.

19      29.  Defendant understands that even if the Court ignores any

20  sentencing recommendation, finds facts or reaches conclusions

21  different from those agreed to, and/or imposes any sentence up to the

22  maximum established by statute, defendant cannot, for that reason,

23  withdraw defendant's guilty pleas, and defendant will remain bound to

24  fulfill all defendant's obligations under this agreement.  Defendant

25  understands that no one -- not the prosecutor, defendant's attorney,

26  or the Court -- can make a binding prediction or promise regarding

27  the sentence defendant will receive, except that it will be within

28  the statutory maximum.

1

NO ADDITIONAL AGREEMENTS

2       30.   Defendant understands that, except as set forth herein,

3   there are no promises, understandings, or agreements between the USAO

4   and defendant or defendant's attorney, and that no additional

5   promise, understanding, or agreement may be entered into unless in a

6   writing signed by all parties or on the record in court.

7

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

8       31.   The parties agree that this agreement will be considered

9   part of the record of defendant's guilty plea hearing as if the

10  entire agreement had been read into the record of the proceeding.

11  AGREED AND ACCEPTED

12  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
13  CALIFORNIA

14  E. MARTIN ESTRADA
    United States Attorney

15

16  _____        6/2/23
    FRANCES S. LEWIS                    _____
17  Assistant United States Attorney    Date

18  _____        6-2-23
    NISHITH THARAKA VANDEBONA           _____
19  Defendant                           Date

20  _____        6-2-2023
    J. ALEJANDRO BARRIENTOS             _____
21  Deputy Federal Public Defender      Date
    Attorney for Defendant
22  NISHITH THARAKA VANDEBONA

23

24

25

26

27

28

19

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough
time to review and consider this agreement, and I have carefully and
thoroughly discussed every part of it with my attorney.  I understand
the terms of this agreement, and I voluntarily agree to those terms.
I have discussed the evidence with my attorney, and my attorney has
advised me of my rights, of possible pretrial motions that might be
filed, of possible defenses that might be asserted either prior to or
at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
of relevant Sentencing Guidelines provisions, and of the consequences
of entering into this agreement.  No promises, inducements, or
representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charges and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

NISHITH THARAKA VANDEBONA                    Date
Defendant

20

1

CERTIFICATION OF DEFENDANT'S ATTORNEY

2     I am NISHITH THARAKA VANDEBONA's attorney.  I have carefully and

3 thoroughly discussed every part of this agreement with my client.

4 Further, I have fully advised my client of his rights, of possible

5 pretrial motions that might be filed, of possible defenses that might

6 be asserted either prior to or at trial, of the sentencing factors

7 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the Factual Basis set

14 forth in this agreement is sufficient to support my client's entry of

15 guilty pleas pursuant to this agreement.

16                                           6-2-2023

17 J. ALEJANDRO BARRIENTOS                   Date
Deputy Federal Public Defender

18 Attorney for Defendant
NISHITH THARAKA VANDEBONA

19

20

21

22

23

24

25

26

27

28